UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MIAMI DIVISION

ELIZABETH McKENZIE,

    Plaintiff,

vs.

STEINER TRANSOCEAN, LTD.,

    Defendant.
_____/

COMPLAINT

COMES NOW, the Plaintiff, ELIZABETH McKENZIE, by and through undersigned counsel, and sues the Defendant, STEINER TRANSOCEAN, LTD. and further states as follows:

JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is a cause of action for damages in excess of $75,000.00, exclusive of interests and costs.

2. Plaintiff, ELIZABETH McKENZIE, is *sui juris*, and a citizen and resident of the state of Texas.

3. Defendant STEINER TRANSOCEAN, LTD. ("STEINER") is a foreign corporation with its principal place of business in Miami-Dade County, Florida. For jurisdictional purposes, STEINER is both a citizen of its place of incorporationand a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. 1332, as alleged above, because there is complete diversity of citizenship between the

parties and the amount of damages claimed exceeds $75,000.00 which is the minimum jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating spas on board maritime cruise vessels for paying passengers including the Plaintiff.

7. Venue is proper in this district because the Defendant's principal place of business is located within this district.

## GENERAL ALLEGATIONS

8. Plaintiff has complied with all conditions precedent to bringing this action.

9. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

10. On or about December 16, 2016, the Plaintiff was injured aboard the DISNEY cruise ship DREAM as a result suffering a severe allergic reaction to a facial cream [rescribed for Plaintiff and sold to Plaintiff by a spa staff member who identified herself as a medical doctor and a plastic surgeon.

12. On the aforesaid date, Defendant operated the spa aboard DISNEY DREAM.

## COUNT ONE-NEGLIGENCE IN PROVIDING SPA SERVICES TO PLAINTIFF

13. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14. On or about the aforesaid date, Plaintiff suffered serious personal injury while she was a passenger aboard the DISNEY DREAM cruise ship by reason of an unreasonably

dangerous facial cream administered to Plaintiff by an employee, or agent of the Defendant who identified herself as a medical doctor.

15. Plaintiff informed and advised the Defendant's agent or employee that she was allergic to any drug or cream that contained lidocaine or novacaine or a similar substance prior to applying the facial cream given her by Defendant. Plaintiff advised Defendant's employee or agent that she was allergic to any member of the "caine" family prior to applying any cream sold to her by Defendant.

16. Upon being informed of this, Defendant assured Plaintiff that she was not allergic to the cream being sold to her by Defendant which contained a member of the "caine" family because it did not contain any additives or contaminants like other creams. It was the additives and contaminants added to the creams to which Plaintiff had been previously allergic, and not the "caine" family of medications.

17. Defendant assured Plaintiff that she would not be allergic to the cream sold to her by Defendant to be applied to her face.

18. Plaintiff relied on the expertise of Defendant's employee who identified herself as a medical doctor and a plastic surgeon in purchasing and applying a facial cream to her face which contained a member of the "caine" family as an ingredient.

19. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

a. Failing to properly sell Plaintiff a facial cream that would not cause a severe allergic reaction, and/or;

b. Failing to properly provide spa services to Plaintiff and/or;

c. Failing to properly and safely warn Plaintiff of the dangers of using a facial cream,

and/or;

d. Failing to retain, hire and supervise a spa employee, and/or;

e. Selling or providing to Plaintiff a facial cream that caused Plaintiff a severe reaction, and/or;

20. As a result of the foregoing, the Plaintiff was seriously injured when she applied to her face a facial cream sold to her by an employee of Defendant who identified herself as a medical doctor and a plastic surgeon.

21. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph seven to have caused or contributed to causing Plaintiff's injury.

22. At all times material, Plaintiff was acting with due care for her own safety by disclosing her allergies and pre-existing medical conditions to Defendant prior to applying a facial cream to her face.

23. At all times material hereto, Defendant was in direct control of the spa where Plaintiff was injured.

25. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings. Plaintiff suffered a severe allergic reaction, her face became numb and swollen

and discolored. Said personal injuries are continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded

## COUNT II-NEGLIGENCE BASED ON APPARENT AGENCY

26. Plaintiff alleges and avers paragraphs 1-12 and 10 and 14 as if set forth herein.

27. At all times material, Defendant held out its medical staff, including its doctors , as being its employees who work in its spa on the vessel.

28. The Defendant promoted its medical staff and represented this doctor as being its employee.

29. The Defendant held out its staff including the doctor referred to in paragraphs fourteen as being a direct employee or actual agent of Defendant.

30. Defendant promoted the idea that the medical staff who work in its spa    is employed by the Defendant as a marketing tool to induce passengers such as Plaintiff herein to buy spa treatments such as the facial cream sold to and applied to Plaintiff in this case..

31. The Defendant manifested to the Plaintiff in this case that its medical staff as alleged in paragraphs 14 was acting as its employee and actual agent in various ways, including but not limited to:

  a) the doctor worked in Defendant's spa

  b) the spa is owned and operated by Defendant, which pays to stock the spa with beauty treatments, supplies and equipment;

  c) the passenger is billed directly by Defendant through the passengers' on

board credit account with the cruise line for all spa services rendered at the onboard spa;

d) the medical staff are given spa uniforms to wear which include name tags with indicating the doctor is a medical doctor;

e) the doctor is paid by Defendant;

f) the spa's doctor is held out to passengers and Plaintiff herein as being members of the ship's crew;

g) the Defendant placed the medical staff under the command of the ship's superior officers including the Staff Captain, second only in overall authority to the ship's master;

h) the Defendant represents to immigration authorities that the spa staff of doctor (and other spa employees) are in fact members of the ship's crew;

i) the spa's doctor and spa employees are permitted to eat with the ship's crew whereas passengers are not permitted to do so;

j) the spa's physician provides medical services to the spa and the Plaintiff was required to go to the spa for treatment;

32. Based on the foregoing, the Plaintiff reasonably believed that the spa's doctor was acting as a direct employee or actual agent on behalf of Defendant and was never given any reason to believe otherwise.

33. The Plaintiff relied to her detriment on her belief that the doctor was acting as direct employee or actual agent of the Defendant in that Plaintiff followed the advice of the medical staff and did not seek further evaluation or while she was on board ship which was not recommended by the spa's

doctor.

34. As a result of the Plaintiff's reliance on the spa's medical staff, the Plaintiff's was and has been subjected to unnecessary pain and suffering and causing complications and unnecessary treatment and procedures as a direct and proximate result thereof.

35. The Defendant is liable to the Plaintiff for any and all damages as a result of the negligent medical care by the spa's physician under the theory of apparent agency.

36. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities, suffered swelling of her face, numbness and discoloration and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap, and a loss of the ability to enjoy life; and an aggravation of known and/or unknown physical conditions; suffered an a loss of earnings; Said personal injuries are continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages and costs and pre-judgment interest. Jury trial is demanded.

Dated this 10TH day of December, 2017.

        HOFFMAN LAW FIRM
        PAUL M. HOFFMAN, P.A.
        2881 East Oakland Park Boulevard
        Fort Lauderdale, FL 33306
        Telephone: (954) 707-5040

By: *//s// Paul M. Hoffman*

                                      PAUL M. HOFFMAN, ESQ.
                                      Florida Bar No: 0279897