UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

ELIZABETH McKENZIE,                                    CASE NO. 1:17-cv-24469

       Plaintiff,

vs.

STEINER TRANSOCEAN LIMITED,

       Defendant.
_____/

## DEFENDANT, STEINER TRANSOCEAN LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, STEINER TRANSOCEAN, LIMITED ("Defendant"), by and through its undersigned counsel, and file its Answer and Affirmative Defenses to Plaintiff's Complaint, and states the following:

1. Defendant denies the allegations of paragraphs 1, 3, 4, 5, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19 including all subparts, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31 including all subparts, 32, 33, 3, 35 and 36 and demands strict proof thereof.

2. Defendant is without knowledge as to the allegations of paragraph 2.

3. Defendant admits the allegations of paragraphs 6 and 7.

4. Defendant expressly denies all allegations of the Complaint not expressly admitted herein and demands strict proof thereof.

5. Defendant expressly denies that any actions or omissions on its part was the proximate cause of any alleged injuries and damages to Plaintiff.

*CASE NO: 1:17-cv-24469*

6. Defendant expressly denies that it breached any duties owed to the Plaintiff.

## AFFIRMATIVE DEFENSES

7. For a First Affirmative Defense, Defendant would state that Plaintiff failed to care for her own safety and welfare, which was the direct and proximate cause of the alleged injuries and damages.

8. For a Second Affirmative Defense, Defendant would state that Plaintiff' signed a Consent for the services provided whereby she waived all claims against the Defendant and released Defendant from all liability.

9. For a Third Affirmative Defense, Defendant would state that Plaintiff was well advised of all risks of the services requested and warned of all potential results and with full knowledge requested and agreed to have the spa services and signed the consent, therefore and this claim is barred.

10. For a Fourth Affirmative Defense, Defendant would state that Plaintiff failed to mitigate her damages by failing to seek timely medical care.

11. For a Fifth Affirmative Defense, Defendant would state that Plaintiff's alleged injuries were pre-existing, attributable to causes other than the acts or omissions of Defendant, and not related to the spa services, therefore this claim fails in the entirety.

12. For a Sixth Affirmative Defense, Defendant would state that the alleged injuries and damages were the result of the actions or omissions of third parties, not under the control or supervision of this Defendant and this claim fails.

*CASE NO: 1:17-cv-24469*

13.  For a Seventh Affirmative Defense, Defendant would state that the injuries and damages alleged were the result of a superseding, intervening cause, including Plaintiff's exposure to sun and salt water, and the claims against this Defendant fail.

14.  For an Eighth Affirmative Defense, Defendant would state that recovery by Plaintiff, if any, must be reduced in accordance with any collateral source payments received by Plaintiff for alleged damages.

15.  Defendant reserves the right to amend and supplement its affirmative defenses as discovery reveals.

Dated: March 14, 2018.

          Respectfully submitted,

          */s/ Carmen Y. Cartaya*
          Carmen Y. Cartaya, Esq.
          Fla. Bar No. 515736
          cycpleadings@mscesq.com
          McIntosh, Sawran & Cartaya, P.A.
          1776 East Sunrise Blvd
          Fort Lauderdale, FL 33304
          Telephone:   954-765-1001
          Facsimile:   954-765-1005
          *Counsel for Defendant*

*CASE NO: 1:17-cv-24469*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was served via CM-ECF on this 14th day of March, 2018 on all counsel of record on the attached service list in the manner specified.

        Respectfully submitted,

        */s/ Carmen Y. Cartaya*
        Carmen Y. Cartaya, Esq.
        Fla. Bar No. 515736
        cycpleadings@mscesq.com
        McIntosh, Sawran & Cartaya, P.A.
        1776 East Sunrise Blvd
        Fort Lauderdale, FL 33304
        Telephone:   954-765-1001
        Facsimile:   954-765-1005
        *Counsel for Defendants*

*CASE NO: 1:17-cv-24469*

## SERVICE LIST

CASE NO. 1:17-cv-24469-CMA

Paul M. Hoffman, Esquire
HOFFMAN LAW FIRM
2888 East Oakland Park Boulevard
Suite 110
Fort Lauderdale, Florida 33306
Telephone: (954) 563-8111
Facsimile: (954) 563-8171
 pmh@paulmhoffmanlaw.com
*Attorneys for Plaintiff*