UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

ELIZABETH McKENZIE,　　　　　　　　　　CASE NO. 1:17-cv-24469

　　　　Plaintiff,
vs.

STEINER TRANSOCEAN LIMITED,

　　　　Defendant.
_____/

# JOINT SCHEDULING REPORT

COME NOW the Plaintiff, ELIZABETH McKENZIE, and Defendant, STEINER TRANSOCEAN LIMITED, by and through their undersigned counsel, pursuant to Rule 16.1 of the Local Rules for the Southern District of Florida, and pursuant to the Court's Order of February 28, 2018, hereby files their Joint Scheduling Report.

**A.**　**Statement of the Nature of the Claim:**

Plaintiff is alleging injuries in connection with a medi-spa treatment performed by one of Defendant's employees while Plaintiff was a passenger onboard the DISNEY DREAM.

**B.**　**Brief Summary of Uncontested Facts:**

Plaintiff obtained spa treatment from an employee of the Defendant at the Senses Spa onboard the vessel, DISNEY DREAM.

*CASE NO. 1:17-cv-24469*

**C.     Legal Elements of Each Claim and Defense Asserted:**

The Plaintiff has alleged that the Defendant was negligent in failing to 1) properly sell Plaintiff a facial cream that would not cause a severe allergic reaction and/or; 2) failing to properly provide spa services to Plaintiff and/or; 3) failure to properly and safely warn Plaintiff of the danger of using a facial cream and/or; 4) failure to retain, hire and supervise a spa employee and/or; selling or providing to Plaintiff a facial cream that caused Plaintiff a severe reaction.

The Defendant asserts that it was not negligent. The Defendant owes the Plaintiff a duty of reasonable care under the circumstances and the Defendant did not breach its duty. The Defendant further asserts among the defenses that: 1) Plaintiff signed a consent for treatment which bars all claims against Defendant; 2) Plaintiff has waived all claims alleged against the Defendant; 3) the Plaintiff was herself negligent in failing to care for her own safety and well being and that such negligence was the cause or a contributing cause of Plaintiff's loss, injury or damages; 4) Plaintiff failed to mitigate her damages; 5) Plaintiff's alleged damages were pre-existing.

**D.     Whether Discovery Should be Conducted in Phases or Limited to Certain Issues:**

The parties agree that it is not necessary for discovery to be limited or conducted in phases.

**E.     Detailed Schedule of Discovery for Each Party**

The Plaintiff states she will need to complete the following discovery:

1. Deposition of Corporate Representative of Defendant.
2. Deposition(s) of spa employee(s) having first-hand knowledge.
3. Propound interrogatories and request for production.

The Defendant states it will need to complete the following discovery:
1. Deposition of Plaintiff.
2. Deposition of all individuals in Plaintiff's traveling party.
3. Deposition of Plaintiff's treating physicians.
4. Depositions of Plaintiff's expert witnesses, if any.
5. Propound interrogatories and request for production.

*CASE NO. 1:17-cv-24469*

**F.     Proposed Dates and/or Deadlines**

The Parties prefer a standard track since they intend to engage in settlement discussions.

**G.     Estimated Length of Trial and Whether it is Jury or Non-Jury**

Estimated Length of Trial. 3 - 5 days.

Trial Type: Jury

**H.     List of All Pending Motions**

At this time there are no motions pending before the Court.

**I.     Unique Legal or Factual Aspect of the Case Requiring the Court's Special Consideration**

Not determined at this time.

**J.     Referral to Magistrate Judge:**

Not determined at this time.

**K.     Status and Likelihood of Settlement**

The parties are aware of the benefits of a settlement, and are pursuing reaching a resolution.

**L.     Other Matters Pursuant to Local Rule 16.1(B)**

None.

*CASE NO. 1:17-cv-24469*

**M.**     <u>**Disclosures Pursuant to Fed. R.. Civ. P. 26(a)(1)**</u>

The parties certify that disclosures pursuant to Fed. R. Civ. P. 26 will be made as required.

Dated this 19th day of March, 2018.

| | |
|---|---|
| */s/ Paul M. Hoffman* | */s/ Carmen Y. Cartaya* |
| Paul M. Hoffman, Esquire | Carmen Y. Cartaya, Esquire |
| Florida Bar No: 0279897 | Florida Bar No: 515736 |
| HOFFMAN LAW FIRM | McINTOSH, SAWRAN & |
| 2888 East Oakland Park Boulevard | CARTAYA, PA |
| Suite 110 | 1776 East Sunrise Blvd |
| Fort Lauderdale, Florida 33306 | Fort Lauderdale, Florida 33304 |
| Telephone: (954) 563-8111 | Telephone: (954) 765-1001 |
| Facsimile: (954) 563-8171 | Facsimile:  (954) 765-1005 |
| pmh@paulmhoffmanlaw.com | cycpleadings@mscesq.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |