UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.   17-CV-24469-CMA

ELIZABETH McKENZIE

    Plaintiff,
vs.

STEINER TRANSOCEAN LTD.

    Defendant.
_____/

## PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD A CLAIM FOR PUNITIVE DAMAGES

Plaintiff, ELIZABETH McKENZIE, by and through undersigned counsel, hereby files her Motion to Amend Complaint to Add a Claim for Punitive Damages and states as follows:

1. This case arises out of alleged malpractice by a doctor employed or retained by Defendant on a cruise ship on which Plaintiff was a passenger.

2. Based on newly discovered evidence, Plaintiff seeks to amend her complaint to add a claim for punitive damages.

3. Plaintiff's deposition taken August 13, 2018. Page and line references that follow are to Plaintiff's deposition (attached as an Exhibit).

4. At the deposition taken August 13, 2018, Defendant produced and provided to Plaintiff for the first time a purported release of all claims signed by the Plaintiff on board the ship at or near the time of the incident (Exhibit "B", marked as Defendant's Exhibit 3 at the deposition of the Plaintiff).

5. Defendant had refused on board ship to give Plaintiff a copy of the purported release that she signed (p.74, ll. 13-17) and Plaintiff had not provided it to her attorney (p. 73, ll.

1

8-12). Contrary to Defendant's representation at the deposition (p. 18, ll.7,8-10), the document was not produced by Plaintiff to Defendant during discovery.

6. The release on its face purports to exculpate Defendant from any liability except for gross negligence or willful misconduct.

7. Based solely on the evidence adduced to date regarding Defendant's applying the cream after Plaintiff asking her not to because of her allergy, Plaintiff has received an informal oral opinion from a Board-Certified Dermatologist, Robert Feinstein, M.D., that Defendant's actions in ignoring Plaintiff's allergies to substances containing any member of the "caine" family and lathering up her face with a cream containing lanocaine or lidocaine or benzocaine amounted to gross negligence and/or willful, wanton and egregious conduct and was the proximate cause of Plaintiff's injuries.

8. Plaintiff furthermore on information and belief believes that Defendant's employees are trained to aggressively sell products over the objection of passengers and thus Defendant's conduct would potentially amount to intentional wrongdoing. Discovery is pending on this issue.

9. Plaintiff testified at her deposition that she was simply given a form to sign and that she did not understand that she was releasing Defendant. (p.74, ll.9-13)

10. The amended complaint follows the very recent production to the Plaintiff of the purported exculpatory release.

11. The original complaint which was filed already contains all the pertinent factual allegations Plaintiff wants to make. Plaintiff was fully examined at her deposition on all these factual allegations and thus there is no prejudice to Defendant in allowing the amendment.

12. The only difference in the complaints will be that Plaintiff alleges that Defendant's actions in applying a cream to Plaintiff's face containing drugs belonging to the "caine" family after Plaintiff specifically told Defendant she was highly allergic to such substances amounted to

willful, wanton and egregious conduct and/or intentional conduct, gross negligence and willful misconduct by Defendant in the alternative to simple negligence.

13. The amended complaint is necessary in the event the court or jury finds that despite her testimony to the contrary, Plaintiff released Defendant from all claims sounding in simple negligence but also finds that Defendant was guilty of gross negligence and/or willful misconduct, thus rendering the purported release ineffectual to bar Plaintiff's claims. Thus, Plaintiff would be severely prejudiced if the amendment is not permitted.

14. The amended complaint is of importance to Plaintiff and is not a surprise to Defendant. The amendment springs from the factual allegations in the original complaint and Defendant cannot claim surprise or prejudice. Discovery, moreover, is still ongoing.

15. Defendant opposes the motion.

16. A copy of the Amended Complaint also is attached as an exhibit.

WHEREFORE, Plaintiff respectfully requests that her motion be granted.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that in accordance with Local Rule 7.1, I have conferred with all parties or non-parties who may be affected by the relief sought in the motion, who oppose the motion.

## MEMORANDUM OF LAW

The overarching principles regarding amendment of pleadings stem from the seminal case of *Foman v. Davis*, 371 U.S. 178, 182 (1962). Factors to be considered are undue delay, bad faith or dilatory motive, futility of the amendment and undue prejudice. The Court entertains a balancing test of these factors in deciding whether to grant leave to amend, turning on substantial prejudice to the opposing party, and there is no prejudice to the Defendant. Here, no factor militates against granting leave to amend. Plaintiff received the transcript of the deposition just a

3

day ago on August 22, 2018 and is promptly filing her motion.  There is no undue delay, bad faith or dilatory motive.

Punitive damages are available in a (passenger) maritime case for willful, wanton or egregious conduct, *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009).  The majority of courts in this district have held that punitive damages are available to a Plaintiff passenger on a cruise ship for willful, wanton or egregious conduct, see, *Doe v. Royal Caribbean Cruises, Ltd*., 2012 WL 920675 (S.D. Fla. March 19, 2012; *J.G. v. Carnival Corp*., 2013 WL 795145 (S.D. Fla. March 4, 2014); *Vairma v. Carnival Corp*., Case No.: 15-cv-20274 PAS; *but see Crusan v. Carnival Corp*., Case No.:13-cv-20592-KMM holding that punitive damages are permitted only in cases alleging "intentional wrongdoing."  Plaintiff is alleging both in the amended complaint.

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                         Respectfully Submitted,

BY:  */s/Paul M. Hoffman, P.A.*
      HOFFMAN LAW FIRM
      2881 E. Oakland Park Blvd.
      Fort Lauderdale, FL 33306
      Telephone:     (954) 707-5040
      Email: pmh@PaulMHoffmanlaw.com
      Florida Bar No. 0279897

## SERVICE LIST

CASE NO.   17-CV-24469-CMA

| Paul M. Hoffman, Esquire | Carmen Y. Cartaya, Esq. |
|---|---|
| HOFFMAN LAW FIRM | McIntosh, Sawran & Cartaya, P.A. |
| 2881 East Oakland Park Boulevard | 1776 East Sunrise Blvd. |
| Fort Lauderdale, Florida 33306 | Fort Lauderdale, FL 33304 |
| Telephone: (954) 707-5040 | Telephone: (954) 765-1001 |
| pmh@paulmhoffmanlaw.com | ccartaya@mscesq.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* |