UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

ELIZABETH McKENZIE,                              CASE NO. 1:17-cv-24469

      Plaintiff,
vs.

STEINER TRANSOCEAN LIMITED,

      Defendant.
_____/

## DEFENDANT'S MOTION FOR SUMMARY FINAL JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW Defendant, STEINER TRANSOCEAN LIMITED by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 56 and applicable law and requests that this Court enter Summary Final Judgment in its favor and as grounds therefore would show unto the Court.

1. This Court has jurisdiction based on diversity. The Court should apply Florida substantive law to the issues herein. Erie RR Co. v. Tompkins, 304 U.S. 64 (1938). Florida's Medical Consent Law is substantive and should be applied by this Court. Fla. Stat. §766.103 Herein, there are no federal statutes or rules that conflict with Florida's substantive law on medical consents, which reflect a substantial policy of the state regarding medical negligence claims and should be followed. Alaska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240 (1975).

CASE NO. 1:17-cv-24469

2. Plaintiff alleges that she had an allergic reaction to a cream applied for medical cosmetic treatments. Plaintiff testified that she signed several medical informed consents for the express purpose of undergoing cosmetic treatments provided by a physician, at the Spa operated by Defendant, onboard the Disney Dream Cruise Ship. Plaintiff identified, and acknowledged, without question, her initials and signatures on the multiple medical consents. Plaintiff requested and consulted Defendant's Spa physician as to cool-sculpting treatment for her thighs and neck and treatments for facial lines. Plaintiff signed Consents for all treatments which negate her claims and exonerate the Defendant from all liability alleged herein. Attached hereto as Exhibit "A" are the Consents for Treatment signed by Plaintiff.

3. Plaintiff identified and authenticated her initials at all sections of the multiple Consents for Treatment, wherein the treatments and risks were explained and Plaintiff identified and authenticated her signature affixed to the Consents. There are no factual issues that Plaintiff signed the Consents which set forth that Plaintiff was aware of and accepted all risks and released Defendant from all liability.

4. Plaintiff has testified that the "she did not read the consents" that she signed. Plaintiff's alleged failure to read the text of the Consents that she willingly signed for the purpose of receiving medical services from Defendant does Not invalidate the Consents. If Plaintiff acted at her peril, her actions do not affect the validity of the Consents. Plaintiff has not alleged, nor testified, that she was incompetent or disabled in any manner at the time that she signed the Consents. Plaintiff has not alleged, nor

*CASE NO. 1:17-cv-24469*

testified, to fraud in any manner as to obtaining the signature on the Consents. See Plaintiff's deposition testimony Exhibit "B" hereto.

5.     Plaintiff's Guest Information and Medical History contain a Liability Release, Acknowledgment and Waiver which fully releases and discharges Defendant from all liability. Plaintiff has acknowledged that she read the questions answered all of the questions and signed this document.  There are no questions of fact remaining in dispute as to Plaintiff's writings and signature on this document. See Exhibit "C" hereto. Plaintiff has fully released Defendant from all liability.

WHEREFORE, this Court should proceed to enter Summary Final Judgment in favor of Defendant and against Plaintiff on all claims. The multiple Consents for Medical Treatment and Services that Plaintiff signed fully exonerate the Defendant.

## MEMORANDUM OF LAW

On a Motion for Summary Final Judgment, this Court should consider whether there are any material facts in dispute that have the ability to affect the outcome of the lawsuit, given applicable law. Anderson v. Liberty Lobby, 477 U.S. 242 (1986). Further, this Court should consider whether there is any evidence of record supporting the elements of the non-movant's claims on which the non-movant has the burden of proof at trial. In essence, the movant has the burden to prove the non-existence of material facts and then the burden shifts to the non-movant to show that there are facts in dispute that support the non-movant's claim. Celotex Corp. v.Catrett, 477 U.S. 317 (1986). Defendant submits that sub judice there are no material facts for consideration by a jury as to the

*CASE NO. 1:17-cv-24469*

Consents signed by Plaintiff for the purpose of medical cosmetic treatment. Further, Plaintiff cannot present any evidence of record that could support Plaintiff's claims to invalidate the multiple Consents for cosmetic medical treatment.

The Consents for Medical Treatment and Cosmetic Services admittedly signed by Plaintiff conclusively establish that Defendant is exonerated from all claims herein. See Exhibits A, B and C.

A Consent for medical treatment that is 1) evidenced in writing and is in accordance with an accepted standard of medical practice; and 2) a reasonable individual, from the information provided by the physician under the circumstances, would have a general understanding of the procedure, medically acceptable alternative procedures or treatments, the substantial risks and hazards inherent in the procedure and 3) is signed by the patient is conclusively presumed to be a valid consent. Florida's Medical Consent Law F.S. 766.103.

A valid signature on a consent is one which is given by a person who under all the surrounding circumstances is mentally and physically competent to give consent. A person is presumed competent unless the evidence shows otherwise. Campbell v. Stoner, 249 So.2d 474 (Fla. 3DCA 1971), cert den. 254 So.2d 361 (Fla. 1971); Rodriguez v. Pino, 634 So2d 681 (Fla. 3DCA 1994). There is no evidence herein that Plaintiff was not mentally or physically competent to give consent. See Deposition of Plaintiff.

Further, Plaintiff's testimony that she did not read the Consents, before affixing her initials and signature to the Consents does not invalidate the Consents nor the

4

*CASE NO. 1:17-cv-24469*

Liability Release, Acknowledgment and Waiver of all claims. Plaintiff testified that "felt rushed by the doctor" but not that the doctor took any action that prevented her from reading the subject documents. <u>Manning v. Interfuture Trading, Inc</u>. 578 So.2d 842 (Fla. 4DCA 1991); <u>Allied Van Lines, Inc. v. Bratton</u>, 351 So.2d 344 (Fla. 1977)(if one party prevents the other from reading a contract, that may be a defense but mere failure to read is not). Plaintiff testified that she read the Guest Information sheet, answered all of the questions and signed the document, which contains the Release of liability. Herein, the Consents and Release are valid, enforceable and fully exonerate the Defendant.

There is no record evidence herein to rebut the presumption of multiple valid medical consents and Release, given that Plaintiff has not, because she cannot, alleged that there was a fraudulent misrepresentation of a material fact in obtaining the signature.

Plaintiff has not alleged, testified or asserted that the multiple Consents and Release were vague, ambiguous or that she questioned any provision thereof. She went to the Spa for an appointment for a pedicure and spoke with the Spa Doctor about the available cosmetic treatments. She freely and willingly signed all Consents and Release for the medical cosmetic treatments. Plaintiff identified her signature which appears over the words **in bold** that she was fully explained the procedures, alternatives to procedures and risks of procedures. She willingly signed the Release after answering the question about medial history. <u>See</u> Exhibits "A". "B" and "C" hereto.

Therefore, this Court should conclude that there are no genuine issues of material fact that Plaintiff can present now or at trial do defeat the validity and effect of the

*CASE NO. 1:17-cv-24469*

multiple medical Consents and Release that she willingly signed for the purpose of medical cosmetic treatment. The Court should proceed to enter Summary Final Judgment in favor of Defendant on all claims of the Plaintiff.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was served via CM-ECF on this 27th day of August, 2018 on all counsel of record on the attached service list in the manner specified.

        Respectfully submitted,

        */s/ Carmen Y. Cartaya*
        Carmen Y. Cartaya, Esq.
        Fla. Bar No. 515736
        cycpleadings@mscesq.com
        McIntosh, Sawran & Cartaya, P.A.
        1776 East Sunrise Blvd
        Fort Lauderdale, FL 33304
        Telephone:   954-765-1001
        Facsimile:   954-765-1005
        *Counsel for Defendants*

*CASE NO. 1:17-cv-24469*

## SERVICE LIST

CASE NO. 1:17-cv-24469-CMA

Paul M. Hoffman, Esquire
HOFFMAN LAW FIRM
2888 East Oakland Park Boulevard
Suite 110
Fort Lauderdale, Florida 33306
Telephone: (954) 563-8111
Facsimile: (954) 563-8171
pmh@paulmhoffmanlaw.com
*Attorneys for Plaintiff*