CASE NO.: 17-CV-24469-CMA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-CV-24469-CMA

ELIZABETH McKENZIE,

    Plaintiff,

vs.

STEINER TRANSOCEAN, LTD.,

    Defendant.
_____/

## DECLARATION OF ELIZABETH MCKENZIE

1. I, Elizabeth McKenzie, am the Plaintiff in this case.

2. I respectfully submit this declaration in support of the motion of for an extension of time to respond to Defendant's Motion for Summary Judgment.

3. I had conversations with Gary Calder the spa manager after my allergic reaction to the cream prescribed to me by Dr. Marlene Agustin.

4. I also had conversations with Dr. Marlene Agustin before she prescribed the cream that caused my allergic reaction.

5. Neither of these persons explained to me that I was releasing the spa from any liability if I suffered an allergic reaction to the cream I was being prescribed.

6. Dr. Agustin told me that I simply and quickly needed to sign some forms in order to get the spa treatment I had requested. I did not read the form nor did I understand that the form I signed was a release nor did either of these persons explain to me that I was signing a release either before or after I signed it. The experience was so rushed that I did not initial the last line

1

CASE NO.: 17-CV-24469-CMA

on page four of the cool sculpting procedure consent form acknowledging that I read and understood the post cool sculpting procedure instructions.

7. I wrote out on a piece of paper when I spoke with Dr. Agustin before my treatment that I was highly allergic to any substance that had an ingredient in the "caine" family of drugs. That paper was not shown or provided to me at my deposition.

8. I felt pressured by Dr. Agustin to not only buy treatments including the cream that I told her I was allergic to but also in letting her apply it to my face which caused the severe allergic reaction.

9. I also filled out a paper with Gary Calder the spa manager explaining what had happened after I returned to the spa after my allergic reaction. That paper was not shown or provided to me at my deposition.

10. I asked for copies of all papers I had signed on the ship before leaving the ship but I was told by both Dr. Agustin and Gary Calder that they were not allowed to give them to me.

11. Since I did not know I had signed a release of all claims on the ship and since I was not allowed to have copies of anything that I signed or filled out, I did not know the contents of the release or that what I signed was a release until I was shown the release at my deposition and read its contents at that time.

12. I have never seen the paper I wrote out and gave to Dr. Agustin before the treatment nor the paper I filled out with Gary Calder since I wrote out that paper and filled out that form and gave them to Gary Calder and Dr. Agustin on the ship.

I declare under penalty of perjury that the forgoing is true and correct.

Executed this __30__ day of August, 2018.

_____
Elizabeth McKenzie