UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

ELIZABETH McKENZIE                                  CASE NO.  1:17-cv-24469

      Plaintiff,

vs

STEINER TRANSOCEAN LIMITED

      Defendant.
_____/

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff, Elizabeth McKenzie, by and through undersigned counsel, and pursuant to applicable Federal Rules of Civil Procedure, Local Rules for the United States District Court for the Southern District of Florida, and this Court's Order hereby files her Motion *in Limine*, and states:

## MEMORANDUM

### I.  Legal Standard

"The real purpose of a Motion *in Limine* is to give the trial Judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. "*Stewart v. Hooters of Am., Inc*., No. 8:04-CV-40-T-17-MAP, 2007 U.S. Dist. LEXIS 44056, 2007 WL 1752873, at *1 (M.D. Fla. 2007). Accordingly, the function of a Motion *in Limine* is to "present] a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *Id*. (citing *Schuler v. Mid-Central Cardiology*, 313 Ill. App. 3d 326, 729 N.E. 2d 536, 246 Ill. Dec. 163 (Ill. App. Ct. 2000)); *Smith v. Royal Caribbean Cruises, Ltd.*, 2014 U.S. Dist. LEXIS 151212, *1-2 (S.D. Fla. Oct. 10, 2014).

**II.     Motion in *Limine* to prohibit the introduction of expert medical opinion testimony from medical doctors who have not complied with the requirements of Rule 26.**

Plaintiff anticipates that Defendant will attempt to offer into evidence and solicit or elicit expert medical testimony from up to three medical doctors: 1) Dr. Mailin Augustin, Defendant's foreign-trained shipboard medical doctor who administered a topical anesthetic to Plaintiff in the spa operated by Defendant on board ship which caused Plaintiff's severe allergic reaction and the loss, injury or damage she is claiming; 2) Dr. Brad Herman, a plastic surgeon who is employed by Defendant at its Coral Gables, Miami-Dade County office and 3) Dr. Karen R. Kade, a local dermatologist who was retained by Defendant to offer expert opinions in the case (See attached "Disclosure", Exhibit A).

Notwithstanding the lone boilerplate-type disclosure, the Defendant has failed to provide Plaintiff with a) a signed written report containing all the medical doctors' opinions, nor the facts and data relied on and the basis for those opinions; b) none have provided a statement of fees charged, nor; c) testifying history. Dr. Kade provided a CV attached to her disclosure and Dr. Mailin provided a CV in discovery. In regard to these three medical professionals Defendant in near-total disregard of both the Federal Rules and the orders of this Honorable Court.

"Near-total" disregard only because Defendant served a purported Disclosure of Expert Witness listing Dr. Kade as an expert intending to offer three basic catch-all generic opinions (diagnosis, prognosis and extent of damages) in what is undoubtedly a form pleading with just the style changed. However, no report was ever served nor were any of the other mandated disclosures.

Secondly, this is not "just" a case where a Federal Rule was violated mandating disclosure ninety days before trial.  In this case, at least two court orders were violated regarding expert disclosures.  Because of Defendant's unjustified non-compliance with both the orders of

this Court regarding expert witness disclosures and the requirements of Rule 26 and the prejudice to Plaintiff, of which there plainly is, Defendant should be prohibited from introducing any expert opinion testimony from any of these three witnesses, especially in the areas of causation, future treatment, the nature and extent of any claimed injuries and permanency.

Disclosure of expert testimony within the meaning of the federal rule contemplates not, only the identification of the expert (as here), but also the provision of a written expert report containing a complete statement of all opinions and the basis and reasons therefor, *Acosta v. Electrolux North Am.*, 2008 U.S. Dist. LEXIS 103633, 12-14 (S.D. Fla. Dec. 16, 2008) (citing *Reese v. Herbert,* 527 F. 3d 1253, 1265 (11th Cir. 2008)). "Expert reports must not be sketchy, vague or preliminary in nature and the disclosure must not be used as a means to extend a discovery deadline", Id (citing *Dyett v. North Broward Hosp. District*, 2004 U.S. Dist. LEXIS 30473 (S.D. Fla. Jan. 21, 2004).

Rule 26 (a) (2) (b) requires a written report signed by each proposed expert witness, to include a complete statement of all opinions to be expressed and the basis and reasons for the opinions; all data or other information used in reaching the opinions; all exhibits used as a summary of or in support of the opinions; qualifications of the expert; a statement of fees to be paid to the expert, and a list of other cases in which the expert's services were utilized.  See Rule 26 (a) (2) (B); *Sur. Assocs., Inc. v. Fireman's Fund Ins. Co*., 2003 U.S. Dist. LEXIS 27559, 4-5 (M.D. Fla. Jan. 7, 2003).

Compliance with Rule 26 is "not merely an aspiration" as "the expert discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise…" Id (citing *Reese v Herbert*, 527 F. 3d 1253, 1265 (11th Cir. 2008); see also, *Sherrod v. Lingle*, 223 F. 3d  605, 613 ( 7th Cir. 2000). "[T}he expert disclosure rule is intended to

provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Id. (citing *Reese v, Herbert*, 527 F. 3d 1253, 1265 (11th Cir. 2008)).  Additionally, an expert report must be complete "such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and more over the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and [,] thus [,] to conserve resources." Id. (citing *Dyett v. North Broward Hosp. District*, 2004 U.S. Dist. LEXIS 30473 (S.D. Fla. Jan. 21, 2004).  A litigant has not complied with disclosure requirement until it has disclosed the expert's written report, *Bell v. Ward*, 2013 U.S. Dist. LEXIS 174573, at fn 3 (S.D. Ind. Dec. 9, 2013), citing *Ciomber v. Coop. Plus, Inc.*, 527 F. 3d  635 (7th Cir. 2008).

Although the parties have cooperated in discovery and have agreed to extend certain fact discovery deadlines per the Court's prior Order, and Plaintiff has graciously offered her properly-disclosed expert witness for deposition at Defendant's request, there has been no agreement to extend or enlarge any other pre-trial deadlines, including the filing of all motions and dispositive motions and especially expert witness disclosures.  Indeed, the parties have no authority to enlarge deadlines set by the Court other than discovery deadlines.

Secondly, this is not a Daubert-type motion directed at striking any expert witnesses or opinions since Plaintiff has no idea what the opinions might be.  This is merely a motion to exclude unknown opinions expected to be offered by medical doctors who have not complied with the requirements of Rule 26 and further to prohibit Defendant from offering into evidence any expert opinions from these witnesses because of Defendant's failure to comply with the rules and with the Court's Orders and because of prejudice to the Plaintiff.  This is not harmless error because trial is approximately ten weeks away and Plaintiff has no idea what these medical

witnesses may say. Plaintiff could not begin to prepare for cross-examination without knowing what the opinions actually are. To elicit medical testimony from any of these three witnesses would truly be a trial by ambush,

Permitting Defendant to supplement its form disclosure by a Rule 26-compliant report and other disclosures at this late date in response to this motion would inevitably prejudice the Plaintiff and delay the trial which Plaintiff opposes. Plaintiff would need an opportunity to submit a rebuttal expert report and possibly even retain an additional expert or experts, depending on the Defendant's opinions in the report or reports. Plaintiff may need additional time to research the expert's testifying history, if any, and order copies of transcripts of depositions, if any. Plaintiff's expert witness who was properly and timely disclosed would need to review the late-allowed report and would need to formulate new opinions to rebut it. This would cost the Plaintiff more money.

New disclosure deadlines would need to be set. The trial period itself would be prolonged. Under Rule 37 (c) (1), "exclusion of non-disclosed evidence is automatic and mandatory…unless non-disclosure was justified or harmless", *Tribble v. Evangelides*, 670 FD. 3d 753, 760 (7th Cir. 2012). Here, the non-disclosure is not harmless as Plaintiff has absolutely no idea what the witnesses will testify to and there is no justification for failure to disclose in a timely manner because the required disclosure is the subject of several court orders.

Plaintiff also seeks an instruction to the jury pursuant to Rule 26 (c) (1) (B) informing the jury why Defendant was not permitted to introduce expert testimony in the case because it violated Rule 26 and the Orders of this Honorable Court.

**III.    Motion in Limine to Exclude Any Reference to a Release Form signed by Plaintiff**

Plaintiff anticipates that Defendant will seek to introduce evidence that Plaintiff signed a form which exculpates Defendant from ordinary negligence but not gross negligence or willful misconduct. See Exhibit Release Exhibit. Plaintiff testified she signed the form in order to receive medical care and did not understand that she was releasing Defendant from liability for negligence. (See as an Exhibit Plaintiff deposition, p 74 ll 9-13 previously filed).

There is one very basic problem with the release form signed by Plaintiff which exculpates Defendant from any liability for negligence but not gross negligence or willful misconduct. The problem is that such an exculpatory release is illegal. Federal law absolutely prohibits a cruise line or its agent from exculpating liability for its own negligence toward a passenger, if certain conditions are met, as they are here.

Section 46 U.S.C. 30509, "Provisions Limiting Liability for Personal Injury or Death" reads in pertinent part:

"(a) Prohibition.

    (1) In General.

        The owner, master, manager or **agent** of a vessel transporting passengers between ports in the United States, or between a port in the United States and a port in a foreign country, may not include in a regulation or contract a provision limiting

        (A) The liability of the owner, master or **agent** for personal injury or death caused by the negligence or fault of the owner or the owner's employees or agents

    (2) Voidness

        A provision described in Paragraph (1) is void**.**

(Emphasis Added)

It is unnecessary for a Plaintiff to sue the cruise line to have this federal law apply. That requirement would only multiply the litigation to no real end since it is the agent in this case who is wholly responsible for the loss, injury or damage suffered by Plaintiff. The Defendant herein is an agent of the cruise line and the prohibition specifically applies to agents as well as masters. In the case at bar, the Defendant provided spa services to passengers on a Disney cruise ship which sailed from Port Canaveral, FL to Nassau, the Bahamas and return on a three-day cruise that Plaintiff took with her family as part of an extended (and expensive) Disney vacation which of course was completely ruined. The spa, like other service providers such as photographers or medical doctors, is an independent contractor hired by the cruise line to provide services that are considered essential to the modern cruise ship experience.

That this Defendant is an agent of the cruise line has been long-established law in this district, *Archer v. Trans/American Services, Ltd.*, 834 F. 2d 1570 (11th Cir. 1988). The statute applies and the provision exculpating Defendant from liability for negligence is void.

**WHEREFORE**, Plaintiff, Elizabeth McKenzie, respectfully requests that this Honorable Court enter an Order granting this Motion in *Limine* in its entirety, and for all other relief deems just and proper under the circumstance.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel hereby certifies that counsel for the Plaintiff has conferred with Defendant in a good faith effort to resolve the issues raised in the Motion and that Defendant opposes the relief sought herein.

Dated: December 4, 2018

Respectfully submitted,

By: *Paul M. Hoffman, Esq.*
Florida Bar No. 279897

2881 East Oakland Park Blvd. #104
Fort Lauderdale, Florida 33306
Telephone: (954) 707-5040
Facsimile: (954) 315-1702
*Counsel for Plaintiff*

### SERVICE LIST

CASE NO.: 17-CV-24469-CMA

| | |
|---|---|
| Paul M. Hoffman, Esquire<br>HOFFMAN LAW FIRM<br>2881 East Oakland Park Boulevard<br>Suite 104<br>Fort Lauderdale, Florida 33306<br>Telephone: (954) 707-5040<br>pmh@paulmhoffmanlaw.com<br>*Attorneys for Plaintiff* | Carmen Yolanda Cartaya, Esq.<br>MCINTOSH SAWRAN & CARTAYA, PA<br>1776 E. Sunrise Boulevard<br>Fort Lauderdale, FL 33338-7990<br>Telephone: (954) 765-1001<br>ccartaya@mscesq.com<br><br>Aleida Mielke, Esq.<br>MCINTOSH SAWRAN & CARTAYA, PA<br>1776 E. Sunrise Boulevard<br>Fort Lauderdale, FL 33338-7990<br>Telephone: (954) 765-1001<br>amielke@mscesq.com<br>*Attorneys for Defendant* |