UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:17-cv-24469-CMA

ELIZABETH MCKENZIE,

      Plaintiff,

v.

STEINER TRANSOCEAN LIMITED,

      Defendant.

_____/

## PARTIES' JOINT PROPOSED
## JURY INSTRUCTIONS AND VERDICT FORMS

Plaintiff, ELIZABETH MCKENZIE and Defendant, STEINER TRANSOCEAN LIMITED (collectively, the "Parties"), pursuant to this Court's Orders [D.E. 17, 41, and 115], submit the following amended joint proposed jury instructions and verdict forms.[1]

---

[1] After the Pretrial Conference on November 1, 2018, the parties amended their proposed jury instructions and verdict forms that were previously submitted to this Court and now submit them to the Court along with their respective proposed verdict forms. As required by the Court, agreed instructions are in plain font, Plaintiffs' proposed instructions to which Royal Caribbean does not agree are in bold and underlined, and Royal Caribbean's proposed instructions to which Plaintiffs do not agree are in bold and italicized.

By: */s/ Paul M. Hoffman*
Paul M. Hoffman
Florida Bar no. 0279897


Paul M. Hoffman, Esquire
HOFFMAN LAW FIRM
2881 East Oakland Park Boulevard
Suite 104
Fort Lauderdale, Florida 33306
Telephone: (954) 707-5040
pmh@paulmhoffmanlaw.com

By: */s/ Carmen Yolanda Cartaya*
Carmen Yolanda Cartaya
Florida Bar No.


Carmen Yolanda Cartaya
MCINTOSH SAWRAN & CARTAYA, PA
PO Box 7990
1776 E. Sunrise Boulevard
Fort Lauderdale, FL 33338-7990
Telephone: (954) 765-1001
ccartaya@mscesq.com


and

Thomas M. Hartwig
MCINTOSH SAWRAN & CARTAYA, PA
PO Box 7990
1776 E. Sunrise Boulevard
Fort Lauderdale, FL 33338-7990
Telephone: (954) 765-1001
thartwig@mscesq.com


## CERTIFICATE OF SERVICE

I certify that on December 4, 2018, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By:     */s/ Paul M. Hoffman*
          Paul M. Hoffman, Esq.
          Florida Bar No. 279897

2

## SERVICE LIST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

*McKenzie v. Steiner Transocean Limited*

CASE NO.:  1:17-cv-24469

| | |
|---|---|
| Paul M. Hoffman, Esquire<br>HOFFMAN LAW FIRM<br>2881 East Oakland Park Boulevard<br>Suite 104<br>Fort Lauderdale, Florida 33306<br>Telephone: (954) 707-5040<br>pmh@paulmhoffmanlaw.com<br>*Attorney for Plaintiff* | Carmen Yolanda Cartaya, Esquire<br>MCINTOSH SAWRAN & CARTAYA, PA<br>PO Box 7990<br>1776 E. Sunrise Boulevard<br>Fort Lauderdale, FL 33338-7990<br>Telephone: (954) 765-1001<br>ccartaya@mscesq.com<br><br>Thomas M. Hartwig, Esquire<br>MCINTOSH SAWRAN & CARTAYA, PA<br>PO Box 7990<br>1776 E. Sunrise Boulevard<br>Fort Lauderdale, FL 33338-7990<br>Telephone: (954) 765-1001<br>thartwig@mscesq.com<br>*Attorneys for Defendant* |

**JOINT PROPOSED INSTRUCTION NO. 1**

**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

Plaintiff, Elizabeth McKenzie, has filed this lawsuit against Defendant,  Steiner Transocean Ltd., seeking damages against  Steiner Transocean Ltd..  Elizabeth McKenzie alleges that she sustained damages as a result of a topical anesthetic that was applied to her face during a spa treatment.  Elizabeth McKenzie alleges that Steiner Transocean Ltd., knew or should have known of her allergy to the topical anesthetic.  Steiner Transocean Ltd., denies the allegations, asserts that Ms. McKenzie did not advise Steiner Transocean of her alleged allergy, signed a consent form acknowledging the treatment she was going to receive which included application of the product she claims she is allergic to.  Steiner Transocean Ltd., asserts that Ms. McKenzie

5

caused or contributed to her own injuries by failing to advise of her allergy and failing to follow post-procedure instructions.

Burden of proof:

Elizabeth McKenzie has the burden of proving her case by what the law calls a "preponderance of the evidence." That means the McKenzie must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring McKenzie and the evidence favoring Steiner Transocean Limited on opposite sides of balancing scales, McKenzie needs to make the scales tip to her side. If McKenzie fails to meet this burden, you must find in favor of Steiner Transocean Limited.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Steiner Transocean Limited has the burden of proving the elements of the defense by a preponderance of the evidence. I'll instruct you on the facts Steiner Transocean Limited must prove for any affirmative defense. After considering all the evidence, if you decide that Steiner Transocean Ltd. has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not

6

fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Elizabeth McKenzie will present her witnesses and ask them questions. After McKenzie question the witness, Steiner Transocean Limited may ask the witness questions – this is called "cross-examining" the witness. Then Steiner Transocean Limited will present its witnesses, and McKenzie may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.


GRANTED   _____          MODIFIED   _____

DENIED   _____          WITHDRAWN   _____


Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases* § 1.1 (2013)

**JOINT PROPOSED INSTRUCTION NO. 2**

## JURY QUESTIONS

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

• First, you must submit all questions in writing. Please don't ask any questions aloud.

• Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

• Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

GRANTED      _____          MODIFIED          _____

DENIED        _____          WITHDRAWN      _____

Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases* § 1.4 (2013)

**JOINT PROPOSED INSTRUCTION NO. 3**

### INTERIM STATEMENTS

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview the upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

GRANTED    _____       MODIFIED        _____

DENIED     _____       WITHDRAWN       _____

Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases* § 1.5 (2013)

**PROPOSED INSTRUCTION NO. 4 -**

***PLAINTIFF OBJECTS TO STIPULATION" f."***

## STIPULATIONS

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

The following are a list of stipulations that the parties have agreed to:

    a.  Elizabeth McKenzie was a passenger on DISNEY DREAM cruise ship on December 16, 2016.

    b.  Steiner Transocean Ltd. operated the spa on DISNEY DREAM on December 16, 2016.

    c.  Dr. Mailin Augustin was employed by Steiner Transocean Ltd. on December 16, 2016.

    d.  Elizabeth McKenzie received spa treatment from Dr. Augustin on board on DISNEY DREAM.

    e.  Elizabeth McKenzie received medical treatment on board DISNEY DREAM on December 18, 2016.

    f.   Elizabeth McKenzie signed Consent Forms prior to undergoing any spa treatment.


GRANTED   _____          MODIFIED         _____


DENIED    _____          WITHDRAWN        _____


Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases* § 2.1 (2013)

**JOINT PROPOSED INSTRUCTION NO. 5**

## USE OF DEPOSITIONS

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

GRANTED   _____        MODIFIED         _____

DENIED    _____        WITHDRAWN        _____

Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases* § 2.2 (2013)

**JOINT PROPOSED INSTRUCTION NO. 6**

## USE OF INTERROGATORIES

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

GRANTED   _____        MODIFIED        _____

DENIED    _____        WITHDRAWN       _____

Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases* § 2.6 (2013)

**JOINT PROPOSED INSTRUCTION NO. 7**

## INTRODUCTION

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

GRANTED     _____          MODIFIED          _____


DENIED     _____          WITHDRAWN          _____


Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases* § 3.1 (2013)

**JOINT PROPOSED INSTRUCTION NO. 8**

**DUTY TO FOLLOW INSTRUCTIONS**
**CORPORATE PARTY INVOLVED**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

GRANTED _____       MODIFIED _____

DENIED _____       WITHDRAWN _____

Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases* § 3.2.2 (2013)

**JOINT PROPOSED INSTRUCTION NO. 9**

**CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE;**
**ARGUMENT OF COUNSEL; COMMENTS BY THE COURT**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

GRANTED        _____        MODIFIED        _____

DENIED        _____        WITHDRAWN        _____

Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases* § 3.3 (2013)

**JOINT PROPOSED INSTRUCTION NO. 10**

### CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or he testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

GRANTED   _____        MODIFIED        _____

DENIED   _____          WITHDRAWN        _____

Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases* § 3.4 (2013)

**JOINT PROPOSED INSTRUCTION NO. 11**

**IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

GRANTED   _____        MODIFIED        _____

DENIED   _____        WITHDRAWN        _____

Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases* § 3.5.1 (2013)

17

**JOINT PROPOSED INSTRUCTION NO. 12**

**EXPERT WITNESS**

During this trial, you have heard testimony from certain expert witnesses.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion or not.

GRANTED _____       MODIFIED _____

DENIED _____       WITHDRAWN _____

Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases* § 3.6.1 (2013) (modified)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 13**
*DEFENDANT OBJECTS TO THIS PROPOSED JURY INSTRUCTION IN ITS ENTIRETY*

## OTHER CONTRIBUTING CAUSES OF DAMAGES

  If you find that Steiner Transocean Limited caused emotional, mental, or physical injuries to Elizabeth McKenzie, and that such injuries aggravated a preexisting emotional, mental, or physical injury that Elizabeth McKenzie had before her cruise on DISNEY DREAM, then you should attempt to decide what portion of their emotional, mental, or physical injuries resulted from the aggravation. If you can make that determination, then you should award only those damages resulting from the aggravation of their emotional, mental, or physical injuries. However, if you cannot make that determination, then you should award damages for the entire emotional, mental, or physical injuries suffered by Elizabeth McKenzie.


**GRANTED**  _____  **MODIFIED**   _____

**DENIED**  _____  **WITHDRAWN**  _____


**Authority: Fla. Std. Jury Instr. (Civ.) § 501.5(a) (modified)**

**JOINT PROPOSED INSTRUCTION NO. 14**

**MORTALITY TABLES**

In determining the duration of any future loss sustained by Elizabeth McKenzie, you may consider the life expectancy of Elizabeth McKenzie. The life expectancy is that period of time when Elizabeth McKenzie would have remained alive. The mortality tables received in evidence may be considered, together with the other evidence in the case, in determining how long each may have been expected to live.

GRANTED   _____          MODIFIED          _____

DENIED   _____          WITHDRAWN          _____

**Authority:  FLA. STD. JURY INSTR. (CIV.) § 502.6(b)**

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 15**
*DEFENDANT OBJECTS TO THIS PROPOSED JURY INSTRUCTION IN ITS ENTIRETY*

## FAILURE TO MAINTAIN EVIDENCE OR KEEP A RECORD-

If you find that Steiner Transocean Limited lost, destroyed, altered, concealed, or otherwise caused to be unavailable (a) while any of these items were within Steiner Transocean Ltd.'s possession, custody, or control, and any such evidence would have been material in deciding the disputed issues in this case, then you may, but are not required to, infer that this evidence would have been unfavorable to Steiner Transocean, Ltd.. You may consider this, together with the other evidence, in determining the issues of the case.


GRANTED    _____        MODIFIED        _____

DENIED    _____         WITHDRAWN     _____


**Authority:  Fla. Std. Jury Instr. (Civ.) § 301.11 (modified)**

21

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16**
***PLAINTIFF OBJECTS TO THIS PROPOSED JURY INSTRUCTION IN ITS ENTIRETY***

No recovery shall be allowed in any court in this state in an action brought for treating, examining, or operating on a person without his or her informed consent when:

(1)    The action of the physician  in obtaining the consent of the person  or another person authorized to give consent for the person was in accordance with an accepted standard of practice among members of the profession with similar training and experience in the same or similar community as that of the person treating, examining, or operating on the person  for whom the consent is obtained; and

(2)    A reasonable individual, from the information provided by the physician under the circumstances, would have a general understanding of the procedure, the acceptable alternative procedures or treatments, and the substantial risks and hazards inherent in the proposed treatment or procedures,; or

 (3) A consent which is evidenced in writing and meets the requirements of subsection (2 above) shall, if validly signed by the person or another authorized person, raise a rebuttable presumption of a valid consent.

(4)    A valid signature is one which is given by a person who under all the surrounding circumstances is mentally and physically competent to give consent.


*FS 766.103 modified*

**JOINT PROPOSED INSTRUCTION NO. 17**

**NEGLIGENCE GENERAL INSTRUCTION**

In this case, the Plaintiff claims that Steiner Transocean, Ltd. was negligent and that such negligence was a legal cause of loss, injury or damage to Plaintiff.

Plaintiff claims that Steiner Transocean, Ltd. was negligent in failing to use reasonable care under the circumstances. Specifically, Plaintiff claims that Steiner Transocean, Ltd. was negligent and failed to use reasonable care under the circumstances in (1) its provision of medical spa services to Elizabeth McKenzie.

To succeed on a claim for negligence, Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: that Steiner Transocean was "negligent"; and

Second: that such negligence was a "legal cause" of injury (Elizabeth McKenzie's allergic reaction to the treatment) the claimed damages sustained by the Plaintiffs.

Plaintiff must additionally prove that Steiner Transocean, Ltd. had prior notice of the alleged risk-creating condition to prevail on her claim. To recover for the allergic reaction Plaintiff claims she suffered, the Plaintiff must prove that Steiner Transocean, Ltd. (1) had actual notice of the alleged risk-creating condition (which in this case was an allergy to topical anesthetic substances belonging to the "caine" family such as Lidocaine or Benzocaine and the like)

In the verdict form that I'll explain in a moment, you'll be asked to answer questions about these factual issues.

"Negligence" means the failure to use reasonable care. Reasonable care is the degree of care that a reasonably careful person would use under similar circumstances. Negligence can mean doing something that a reasonably careful person wouldn't do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

A spa on a cruise ship is not an insurer of its passengers. That is, a spa on a cruise ship does not become liable to a passenger merely because an incident occurs. To determine whether the spa on the cruise ship was negligent, the benchmark against which its behavior must be measured is the duty to use reasonable care under the circumstances. Likewise, the law requires the cruise ship passenger/spa patron to also exercise reasonable care for his own safety.

Negligence is a "legal cause" of injury or damage if it played any part, no matter how small, in bringing about or actually causing the injury or damage. Negligence can be a legal cause of injury or damage even if it operates in combination with the act of another person, some natural cause, or some other cause that occurs at the same time as the negligence as long as the negligence played a part in causing the injury or damage.

23

If a preponderance of the evidence doesn't support Plaintiff's' claim for negligence, then your verdict should be for Steiner Transocean, Ltd. But if a preponderance of the evidence supports Plaintiff's claim, you must next consider the defenses raised by Steiner Transocean, Ltd.

Steiner Transocean, Ltd. claims that Elizabeth McKenzie was also negligent by failing to advise the spa of her alleged injury, by signing a consent form that specifically allowed for the use of the product that she was allergic, and by failing to follow post treatment precautions, and that her own negligence was a legal cause of her alleged injuries. This is a defensive claim, which requires Steiner Transocean to prove these two facts by a preponderance of the evidence:

First: you must find that Elizabeth McKenzie was also negligent, and

Second: you must find that her own negligence was a legal cause of her loss, injury or damage

In the verdict form that I'll explain in a moment, you'll be asked to answer questions about these factual issues as well.

Finding in favor of Steiner Transocean, Ltd. on this defense will not prevent recovery by Plaintiff, it will only reduce the amount of the Plaintiff's recovery. In other words, if you find that the allergic reaction suffered by Elizabeth McKenzie was due partly to the fault of Elizabeth McKenzie – that Elizabeth McKenzie's own negligence, was, for example, 50% responsible for his own damage – then you would fill in that percentage as your finding on the verdict form that I will explain in a moment. Such a finding would not prevent Plaintiff from recovering; the Court will merely reduce Plaintiff's total damages by the percentage that you insert. Of course, by using the number 50% as an example, I do not mean to suggest to you any specific figure at all. If you find that Elizabeth McKenzie was negligent, you might find 1% or 99%.

If the evidence proves negligence on the part of Steiner Transocean, Ltd. was a legal cause of Elizabeth McKenzie's loss, injury or damage, you must then consider the issue of Plaintiff's damages.

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of Plaintiff's' damages as a result of the loss, injury or damage to Plaintiff – no more, no less. You must not impose or increase these damages to punish or penalize Steiner Transocean, Ltd.. And you must not base these damages on speculation or guesswork because Plaintiff can recover only her actual damages.

Under the applicable law in cases like this one, you may award any damages for any claimed physical or emotional pain and suffering, permanent injury, disability, disfigurement, loss of companionship, impairment, inconvenience, or loss of capacity for the enjoyment of life experienced in the past or in the future.  In this case, there is no claim for loss of past or future wages.

In addition, anyone who claims damages because of an alleged wrongful act by another has a duty to "mitigate" those damages – to take advantage of any reasonable opportunity under the circumstances to reduce losses or damages.


GRANTED     _____     MODIFIED     _____

DENIED     _____     WITHDRAWN     _____

Authority: (for general and damages instruction) U.S. Eleventh Circuit 2013 Pattern Jury Instructions –Instruction 8.1 (modified).

(for notice instruction) Pizzino v. NCL (Bahamas) Ltd., 709 Fed. Appx. 563, 567 (11th Cir. 2017), cert. denied, 18-91, 2018 WL 3496848 (U.S. Oct. 1, 2018); Everett v. Carnival Cruise Lines, 912 F.2d 1355, 1359 (11th Cir. 1990); Keefe v. Bahama Cruise Line, 867 F.2d 1318, 1322 (11th Cir. 1989);

(for duty of care instruction) Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 632 (1959); Wilkinson v. Carnival Cruise Lines, Inc., 920 F.2d 1560, 1564 & n. 10 (11th Cir.1991); Everett v. Carnival Cruise Lines, Inc., 912 F.2d 1355, 1358 (11th Cir.1990); Keefe v. Bahama's Cruise Lines, Inc., 867 F.2d 1318, 1320 (11th Cir.1989).

**JOINT PROPOSED INSTRUCTION NO. 18**

**RESPONSIBILITY FOR PROOF**
**PLAINTIFF'S CLAIM – PREPONDERANCE OF THE EVIDENCE**

In this case it is the responsibility of Plaintiff to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiffs' claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Plaintiffs on that claim.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish by a preponderance of the evidence any essential part of a claim Plaintiff is making, you should find for Steiner Transocean, Ltd. as to that claim.


GRANTED   _____        MODIFIED        _____

DENIED        _____        WITHDRAWN   _____


Authority: *Eleventh Circuit Pattern Jury Instruction, Civil Cases* § 3.7.1 (2013) (modified)

**JOINT PROPOSED INSTRUCTION NO. 19**

## RESPONSIBILITY FOR PROOF
## DEFENDANT'S AFFIRMATIVE DEFENSES --
## PREPONDERANCE OF THE EVIDENCE

In this case, Steiner Transocean Ltd. asserts the affirmative defenses of [comparative negligence, informed consent, failure to follow post procedure instructions ]. Even if Plaintiff proves their claim by a preponderance of the evidence, Steiner Transocean Ltd. can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that Steiner Transocean Ltd. does not have to disprove Plaintiff's claims, but if Steiner Transocean Ltd. raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

GRANTED   _____        MODIFIED        _____

DENIED   _____        WITHDRAWN        _____

Authority: *Eleventh Circuit Pattern Jury Instruction, Civil Cases* § 3.7.2 (2013)

**JOINT PROPOSED INSTRUCTION NO. 20**

**DUTY TO DELIBERATE**
**WHEN ONLY PLAINTIFF CLAIMS DAMAGES**

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

GRANTED    _____          MODIFIED          _____

DENIED    _____          WITHDRAWN          _____

Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases* § 3.8.1 (2013)

**JOINT PROPOSED JURY INSTRUCTION NO. 21**

### ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

GRANTED _____     MODIFIED _____

DENIED _____     WITHDRAWN _____

Authority: *Eleventh Circuit Pattern Jury Instructions, Civil Cases* § 3.9 (2013)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ELIZABETH MCKENZIE,                )      CASE NO.: 1:17-CV-24469
                                   )
                    Plaintiff,     )
                                   )
vs.                                )
                                   )
STEINER TRANSOCEAN LTD.,           )            VERDICT FORM
                                   )
                    Defendant.     )
                                   )
                                   )
                                   )

We, the jury, return the following verdict:

***Plaintiff objects to Verdict Question No. 1***

1.  Do you, the jury, find from a preponderance of the evidence that Steiner Transocean Ltd, obtained an informed consent  from the Plaintiff?
Answer Yes or No"

If your answer to Question 1 is Yes, then please skip questions 2, 3, 4 and sign and date the verdict form.  If your answer to Question 1 is No, please answer Question 2.

2.      Do you, the jury, find from a preponderance of the evidence that Steiner Transocean Ltd. was negligent in one or more of the manners claimed by Plaintiff, and that such negligence was a legal cause of damage to Plaintiff?

                Answer Yes or No:

        If your answer to Question 2 is "Yes," then please answer question 3. If your answer to Question 2 is "No," then please skip questions, 3, 4 and 5 and sign and date the verdict form.

3.      Do you, the jury, find that Elizabeth McKenzie was also negligent in the manner claimed by Steiner Transocean Ltd., and that Elizabeth McKenzie 's negligence was a legal cause of Elizabeth McKenzie 's own damage?

                Answer Yes or No:

        If your answer to Question 3 is "Yes," then please answer question 4. If your answer to Question 3 is "No," then please skip question 4 and answer question 5.

4.      If you, the jury, answered "Yes" to Question 3, what proportion or percentage of Plaintiff's damage do you find from a preponderance of the evidence to have been legally caused by the negligence of the respective parties?

Answer in Terms of Percentages:

Elizabeth McKenzie:                                    %

Steiner Transocean Ltd.:                            %

Note:  The total of the percentages in your answer should equal 100%.

5.      If you, the jury, answered "Yes" to Question 2, what sum of money do you find to be the total amount of Plaintiff's damages (without applying any percentages you may have given in your answer to Question No. 4) for each of the following?

a.   Pain, suffering, loss of enjoyment of life and disfigurement:

In the past    $_____
In the future $_____

b.   Medical Bills:

In the past    $_____
In the future $_____

c.   Expenses and financial losses reasonably incurred:

In the past    $_____
In the future $_____

Total:  $_____
(add 5(a), (b), and (c))

In determining the amount of damages, do not make any reduction because of the negligence, if any, of Elizabeth McKenzie. If you find that Elizabeth McKenzie was negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.


SO SAY WE ALL.


Jury Foreperson's Signature


Date

Authority: *Eleventh Circuit Civil Pattern Jury Instruction, Civil Cases* § 3.9 (2013); FLA. STD. JURY INSTR. (CIV.) Model Verdict Forms 1, 2(a), and 3(a) (modified)